Robert I. GARCIA

v.

ECOTECH, INC.

Civ. A. No. 91–201–B.

United States District Court,
M.D. Louisiana.

March 16, 1992.

Murphy J. Foster, III, Breazeale, Sachse & Wilson, Baton Rouge, La., for Robert I. Garcia.

Peter S. Thriffiley, J. Paul Demarest, New Orleans, La., for Ecotech, Inc.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

POLOZOLA, District Judge.

### I. THE MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant's motion for summary judgment. Finding that there are material factual disputes which preclude the Court from granting the defendant's motion for summary judgment, the motion is denied.

1. 38 U.S.C. §§ 2021, et seq.

2. La.R.S. 29:401, et seq.

Robert I. Garcia was hired by the defendant, Ecotech, Inc., on March 26, 1990 for an unspecified term of employment at an annual salary of $42,000 plus benefits, which included health insurance and vacation benefits. At the time he was employed, Garcia advised Ecotech that he was a member of the United States Army Reserve (Army Reserve). During the time Operation Desert Shield was being conducted in the Middle East, Garcia left his employment with Ecotech and went on active duty with the Army Reserve on September 20, 1990. Garcia was released from active duty on October 9, 1990, returned to Ecotech on October 11, 1990 and was immediately reinstated in the same job and position with the same duties, responsibilities and compensation.

On January 8, 1991, Garcia was terminated from his employment. The defendant contends plaintiff was terminated because of lack of work in Garcia's technical area and his failure to market his services to generate business in his technical area. Plaintiff contends that when he returned from active duty, Ecotech had hired someone else to fulfill his duties. Subsequent to his return to Ecotech, Garcia contends that he was not given billable work and that his replacement was given the assignments which had previously been given to him. As a result, plaintiff contends his employer caused the situation which necessarily decreased plaintiff's productivity. Plaintiff's employment was reduced to part time status on December 8, 1990 and he was terminated on January 8, 1991.

Plaintiff has filed this suit against Ecotech under the Veteran's Re-Employment Rights Act[1], the Louisiana Military Service Relief Act[2], the Louisiana Unfair Trade Practices Act[3] and La.R.S. 23:631 and 632.

### ANALYSIS OF PLAINTIFF'S VETERAN'S RE-EMPLOYMENT RIGHTS ACT CLAIM

■ In order to recover damages under the Veteran's Re-Employment Rights Act,

3. La.R.S. 51:1401, et seq.

the plaintiff must establish the following elements:

1. The soldier must have been a non-temporary employee. 38 U.S.C. § 2021(a). It is undisputed that plaintiff was a soldier who was employed initially as a full time salaried employee.

2. The soldier "leaves a position ... in the employ of any employer in order to perform such training and service." 38 U.S.C. § 2021(a). It is undisputed that plaintiff was called to active duty.

3. The soldier served on active duty for less than four years. 38 U.S.C. § 2024(a) and (b)(1). It is undisputed that plaintiff was on active duty for less than four years.

4. The soldier must "make application for re-employment within ninety days after such person is relieved from such training and service." 38 U.S.C. § 2021(a)(2). It is undisputed that plaintiff was released from active duty on October 9, 1990 and that he was re-employed on October 11, 1990.

5. The soldier "must satisfactorily have performed military service." 38 U.S.C. §§ 2021(a)(1) and 2024(b)(1). There is a genuine issue of material fact on this issue. Defendant claims plaintiff was released from active service because plaintiff lost his security clearance. Plaintiff claims that he was released because the file which contained his security clearance was misplaced through no fault of his own. An affidavit by an Army colonel and the plaintiff's deposition supports plaintiff's position that the loss of his DA Form 873 (the security clearance form) was due to circumstances beyond his control. There is a material issue of fact on this important issue.

■ 6. The re-employed soldier's termination was "without cause." 38 U.S.C. § 2021(b)(1) and § 2024(b)(1). The employer has the burden of showing that plaintiff's termination was for cause. *Carter v. United States*, 407 F.2d 1238 (D.C.Cir. 1968). The depositions and affidavits clearly reveal material issues of fact on this issue. The parties are literally engaged in a swearing match as to the "cause" issue. Defendant contends that plaintiff was ter-minated because of lack of work. Plaintiff contends that the lack of work was precipitated by the defendant.

Because of the material issues of fact which exist in this case, the defendant's motion for summary judgment insofar as the claim asserted under the federal statute is denied.

## II. MOTION TO STRIKE JURY TRIAL DEMAND

■ Defendant contends that the Veteran's Re–Employment Rights Act grants equitable relief which cannot be tried to a jury. In *Troy v. City of Hampton*, 756 F.2d 1000, 1003 (4th Cir.1985), *cert. denied, Blackmen v. Observer Transp. Co.*, 474 U.S. 864, 106 S.Ct. 182, 88 L.Ed.2d 151 (1985), the Fourth Circuit, in an *en banc* opinion, refused to allow a jury trial in a Veteran's Re–Employment Rights Act claim, stating:

> The legislative history of the Veteran's Re–Employment Rights and the decisions of the courts which have considered the issue persuade us that claims under 38 U.S.C. § 2021 et seq. are equitable in nature and must be tried to the court.

The Supreme Court denied writs in the case and the *Troy* case is still good law. The Court was unable to find a case decided by the Fifth Circuit on this issue. However, the Fourth Circuit decision follows what the majority of other courts have ruled on this issue. 756 F.2d at 1001.

■ To avoid confusion and conflicting legal issues, the Court also declines to exercise its jurisdiction over the pendent state law claims. These claims will be dismissed without prejudice.

The pendent state law claims are legal claims which may afford plaintiff a right to a jury trial. For this reason and to avoid confusion which is inherent in having a judge and jury try a case on different legal principles at the same trial, the Court declines to exercise its discretion to hear the pendent state law claims. The Court will give the plaintiff 20 days to file his suit in state court before dismissing his state law claims without prejudice.

574

## CONCLUSION

The defendant's motion for summary judgment on the federal claim is DENIED.

Defendant's motion to strike the plaintiff's request for jury is GRANTED.

Plaintiff's pendent state law claims will be dismissed without prejudice twenty days from the date of this order.